UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: RESTASIS (CYCLOSPORINE OPHTHALMIC EMULSION) ANTITRUST LITIGATION | 18-MD-2819 (NG) (LB) |
| THIS DOCUMENT APPLIES TO:<br>**All Direct Purchaser Class Actions:**<br>*FWK Holdings, LLC v. Allergan, Inc.*, 18-cv-00677 (E.D.N.Y.);<br>*Rochester Drug Co-Operative, Inc. v. Allergan, Inc.*, 18-cv-00970 (E.D.N.Y.);<br>*KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc., v. Allergan, Inc*., No. 18-cv-00974 (E.D.N.Y.); and<br>*Meijer, Inc. and Meijer Distribution, Inc. v. Allergan, Inc.*, 19-cv-02563 (E.D.N.Y). | |

**DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR CERTIFICATION OF A CLASS FOR PURPOSES OF SETTLEMENT, PRELIMINARY APPROVAL OF SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASS, APPOINTMENT OF CLAIMS ADMINISTRATOR AND ESCROW AGENT, AND SETTING THE FINAL SETTLEMENT SCHEDULE AND A DATE FOR A FAIRNESS HEARING**

Direct purchaser class plaintiffs FWK Holdings, LLC, Rochester Drug Co-Operative, Inc., KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc., Meijer Inc., and Meijer Distribution, Inc. ("direct purchaser class plaintiffs" or "direct purchasers"), the proposed class representatives in this lawsuit, by their counsel, hereby move for an order pursuant to Rule 23 of the Federal Rules of Civil Procedure:

1.     Certifying, for purposes of settlement, a proposed direct purchaser settlement

class as defined in the Settlement Agreement attached as Exhibit 1 to the Declaration of Thomas M. Sobol dated February 16, 2020 submitted herewith (Sobol Declaration);

2. Appointing Thomas M. Sobol and Kristen A. Johnson of Hagens Berman Sobol Shapiro LLP lead counsel for the proposed direct purchaser settlement class;

3. Granting preliminary approval of the proposed Settlement between the direct purchaser class and Allergan, Inc. ("Allergan") as set forth in the Settlement Agreement attached as Exhibit 1 to the Sobol Declaration;

4. Approving the proposed form and manner of notice to the direct purchaser settlement class, as attached as Exhibit 3 to the Sobol Declaration;

5. Approving the proposed Plan of Allocation as attached as Exhibit 7 to the Sobol Declaration and as supported by the Declaration of Jeffrey Leitzinger dated February 25, 2020 attached as Exhibit 8 to the Sobol Declaration;

6. Appointing RG/2 Claims Administration LLC ("RG/2") as Settlement Administrator. A declaration from William W. Wickersham of RG/2 dated February 18, 2020 in support is attached as Exhibit 9 to the Sobol Declaration;

7. Appointing The Huntington Bank as escrow agent to receive and invest the settlement funds in accordance with the terms of the Escrow Agreement attached as Exhibit 6 to the Sobol Declaration; and

8. Authorizing a proposed schedule for completing the settlement approval process.

Courts frequently certify, for settlement purposes, classes of direct purchasers alleging that a name-brand drug maker wrongfully delayed the market entry of generic competitors.[1]

---

[1] *See* Memo. in Support of Proposed Direct Purchaser Class Pls.' Mot. for Cert. of Class for Purposes of Settlement, Preliminary Approval of Settlement, Approval of the Form and Manner of Notice to the Class,

2

Here, the proposed settlement class satisfies the criteria of Rule 23. First, among other reasons, the proposed class of thirty-five geographically dispersed entities renders joinder impracticable, satisfying numerosity. Second, direct purchasers have identified claims and issues of purported class members that are common, class-wide, and subject to common proof. Therefore, their claims meet Rule 23(a)'s commonality and typicality requirements. Adequacy is also met here because all class members have the right to and interest in pursuing overcharge damages and their counsel is highly experienced in complex antitrust matters. Finally, the proposed Class satisfies Rule 23(b)(3) because common questions of law or fact predominate over individual questions and the class action mechanism is superior to other available methods of adjudication.

The direct purchasers submit that the Settlement is sufficiently fair, reasonable, and adequate; is in the best interests of the members of the direct purchaser settlement class; is within a range that responsible and highly experienced counsel could accept, considering all relevant risks of litigation; and was arrived at by arm's-length negotiation. The Settlement represents a beneficial result to the proposed direct purchaser settlement class, providing a gross cash payment of $51,250,000 in exchange for defined releases to Allergan and an agreement to dismiss with prejudice the claims against Allergan in this action. The direct purchasers provide a more complete description of the benefits of the Settlement, their negotiations, and the details of the Settlement Agreement in their supporting memorandum of law and Exhibits 1-9 to the Sobol Declaration.

By this motion, the proposed Class also:

1. Submits, for the Court's convenience, a proposed order, agreed to by the parties,

---

Appointment of Claims Administrator and Escrow Agent, and Setting the Final Settlement Schedule and Date for a Fairness Hearing at n.14.

certifying the proposed direct purchaser settlement class, appointing lead class counsel, and preliminarily approving the Settlement;

      2.      Submits, for approval, a proposed notice form, which includes procedures for objecting to the Settlement and a plan for the notice to be sent to all class members by first class mail, in compliance with Rule 23;

      3.      Proposes the following schedule for notice to class members of the Settlement, application for attorneys' fees and litigation expenses, application for proposed service awards to the class representatives, the deadline for class members to request exclusion from or object to the Settlement, the filing for a motion for final approval of the Settlement, and the holding of a hearing on final approval:

| Event | Deadline |
|---|---|
| Allergan send notices as required by CAFA.[2] | Within 10 days of the filing of this motion. |
| Dissemination of notices to the proposed direct purchaser settlement class in the form and manner proposed. | Within 14 days of entry of the Order preliminarily approving the settlement. |
| Submission of class counsel's application for attorneys' fees, costs, and expenses and application for service awards to the class representatives. | No later than 14 days after the date of dissemination of notice to the direct purchaser settlement class as set forth in the final notice mailed to class members. |
| Deadline for class members to opt out or object to the settlement and/or application for attorneys' fees, expenses, and service awards to the class representatives. | No later than 35 days from the date of dissemination of notice to the direct purchaser settlement class as set forth in the final notice mailed to class members. |
| Filing of direct purchasers' motion for final approval of the Settlement. | No later than 14 days before the date set for the fairness hearing. |
| Fairness hearing. | To be determined by the Court (no earlier |

---

[2] The Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").

4

| | |
|---|---|
| | than 100 days after the date of the filing of the motion for preliminary approval of the Settlement).[3] |

WHEREFORE, based on the foregoing, and for the reasons set forth in the accompanying memorandum of law and Exhibits 1-9 to the Sobol Declaration, the motion should be granted. The parties to the Settlement have agreed upon a proposed order granting the relief sought by this motion, attached as Exhibit 4 to the Sobol Declaration.

Dated: February 25, 2020

Respectfully submitted,

*/s/ Thomas M. Sobol*

Thomas M. Sobol
David S. Nalven
Kristen A. Johnson
Jessica MacAuley
Hannah W. Brennan
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 Cambridge Parkway, Suite 301
Cambridge, Massachusetts 02142
Tel: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
davidn@hbsslaw.com
kristenj@hbsslaw.com
jessicam@hbsslaw.com
hannahb@hbsslaw.com

*Direct Purchaser Interim Co-Lead Counsel*

Calvin Capshaw
Elizabeth DeRieux
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, Texas 75647
Tel.: (903) 845-5770
ccapshaw@capshawlaw.com

Paul E. Slater
Joseph M. Vanek
David P. Germaine
John P. Bjork
**SPERLING & SLATER, P.C.**
55 W. Monroe Street, Suite 3200
Chicago, Illinois 60603

---

[3] To account for the time period imposed by CAFA.

5

ederieux@capshawlaw.com

Linda P. Nussbaum
Bart Cohen
Peter Moran
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718
Tel.: (917) 438-9102
lnussbaum@nussbaumpc.com
bcohen@nussbaumpc.com
pmoran@nussbaumpc.com

Robert N. Kaplan
Gregory K. Arenson
Elana Katcher
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Tel.: (212) 687-1980
rkaplan@kaplanfox.com
garenson@kaplanfox.com
ekatcher@kaplanfox.com

Tel: (312) 641-3200
Fax: (312) 641-6492
pes@sperling-law.com
jvanek@sperling-law.com
dgermaine@sperling-law.com
jbjork@sperling-law.com

John D. Radice
A. Luke Smith
**RADICE LAW FIRM, P.C.**
475 Wall Street
Princeton, NJ 08540
Tel: (646) 245-8502
Fax: (609) 385-0745
jradice@radicelawfirm.com
lsmith@radicelawfirm.com

*Counsel for FWK Holdings, LLC, Meijer, Inc., and Meijer Distribution, Inc.
and the Proposed Class*

Daniel J. Walker
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 20006
Tel: (202) 559-9745
Fax: (215) 875-4606
dwalker@bm.net

David F. Sorensen
Ellen Noteware
Zachary Caplan
Nicolas Urban
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604
dsorensen@bm.net

Peter R. Kohn
**FARUQI & FARUQI LLP**
One Penn Center, Suite 1550
1617 JFK Boulevard
Philadelphia, PA 19103
Tel.: (215) 277-5770
Fax: (215) 277-5771
pkohn@faruqilaw.com

Bradley J. Demuth
Kristyn Fields
**FARUQI & FARUQI LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Tel.: (212) 983-9330
Fax: (212) 983-9331
bdemuth@faruqilaw.com
kfields@faruqilaw.com

6

enoteware@bm.net
zcaplan@bm.net
nurban@bm.net

Barry Taus
Miles Greaves
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, NY 10038
Tel: (212) 931-0704
Fax: (212) 931-0703
btaus@tcllaw.com
mgreaves@tcllaw.com

*Counsel for Rochester Drug Co-Operative, Inc. and the Proposed Class*

Michael L. Roberts
Debra G. Josephson
Karen S. Halbert
Stephanie E. Smith
**ROBERTS LAW FIRM, P.A**.
20 Rahling Circle
Little Rock, AR 72223
Tel.: (501) 821-5575
Fax: (501) 821-4474
mikeroberts@robertslawfirm.us
debrajosephson@robertslawfirm.us
karenhalbert@robertslawfirm.us
stephaniesmith@robertslawfirm.us

Dianne M. Nast
**NASTLAW LLC**
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Tel: (215) 923-9300
Fax: (215) 923-9302
dnast@nastlaw.com

*Counsel for KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc. and the Proposed Class*

## CERTIFICATE OF SERVICE

      I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's CM/ECF system. Those attorneys who are registered CM/ECF users may access these filings and notice of these filings will be sent to those parties by operation of the CM/ECF system.

Dated: February 25, 2020                              /s/ *Thomas M. Sobol*
                                                                          Thomas M. Sobol